# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO BRADLEY, # 98057899 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-13-3364 |
| SALISBURY POLICE DEPARTMENT, et al. | * | |
| | * | |
| Defendants | | |
| *** | | |

**MEMORANDUM**

Self-represented Plaintiff Antonio Bradley ("Bradley") has filed an unsigned[1] prisoner civil rights Complaint under 42 U.S.C. § 1983, alleging that on May 4, 2013, Defendants Officers Underwood and Caton "arrived with guns out" and ordered him outside. Complaint, ECF 1 at 3. Bradley, who states a scale was found outside, but no marijuana was found on him, is requesting punitive, monetary, and injunctive, declaratory relief as deemed appropriate. See id. Additionally, Bradley has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which will be granted for the purpose of preliminary review.

The Court is required to screen complaints filed in forma pauperis and dismiss claims which fail to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(a) and (b)(1). In undertaking this review, the Court is mindful that it must liberally construe documents filed by self-represented litigants. See e.g. Estelle v. Gamble, 429 U.S. 97 (1976); Erikson v. Pardus, 551 U.S. 89, 94, 127 (2007). Liberal construction does not mean this Court may ignore a clear failure to allege facts stating a claim. See Weller v. Department of Social Services, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] Ordinarily, an unsigned complaint is returned to a plaintiff for proper execution. For reasons apparent herein, this step is unnecessary in this matter.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the constitution or laws of the United States . See West v. Atkins, 487 U.S. 42, 48 (1988). The Complaint neither mentions nor raises any claims against the Salisbury Police Department or Officer Bryn Mawr, and as such, these Defendants are entitled to dismissal. Further, the Complaint does not identify a constitutional right or federal law allegedly violated by remaining Defendants, Underwood and Caton.

The Maryland Judiciary Website indicates a warrant was issued for Bradley on May 4, 2013, and he is charged with possession of marijuana and drug paraphernalia in Criminal Case Number 6H00070902 in the District Court for Wicomico County.[2] To the extent Bradley disputes the charges or asks for federal intervention in ongoing state criminal proceedings, his claim fails. Absent extraordinary circumstances not alleged here, federal courts may not interfere with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 44 (1971), and federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. See Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52–53 (4th Cir. 1989).

The United States Court of Appeals for the Fourth Circuit has recognized that Younger abstention is appropriate "in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Conversely, Younger abstention is not applied where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal

---

[2] See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=6H00070902&loc=8&detailLoc=DSCR.

proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted).

To prevail under the bad faith exception, a litigant must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997). Bradley has not met this burden. "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975).[3]

The undersigned finds that the Younger abstention doctrine applies in this case. First, criminal proceedings are ongoing. Second, a pending state criminal proceeding clearly implicates an important state interest. Third, the Maryland Judiciary Website shows Plaintiff is represented by an Assistant Public Defender, and thus has the opportunity to present his claims to the state court. Should Plaintiff prevail in state criminal proceedings, he may pursue a civil rights claim for monetary damages in this forum. The claim currently presented, however, is premature. For these reasons, this case will be dismissed without prejudice and the case closed by separate Order to follow.

December 13, 2013                           /s/
                                                               George L. Russell, III
                                                               United States District Judge

---

[3] Bradley may pursue redress in the state courts of Maryland as appropriate. This Court expresses no opinion in regard to the merits of his claims.